UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN MATTHEW GOOD;<br>WILLIAM H. WINN, JR.;<br>SMARTCORE, LLC; and SMARTCORE,<br>LLC GROUP HEALTH BENEFIT PLAN;<br><br>Defendants. | FILE NO.<br>_____<br><br><br><br><u>COMPLAINT</u><br>(Injunctive Relief Sought) |

Plaintiff **R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR** ("the Secretary") alleges as follows:

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought by the Secretary under §§ 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA § 409, 29

U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of that Title.

2. Jurisdiction hereof is conferred upon the Court by § 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue of this action lies in the Western District of North Carolina pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4. Defendant **SmartCore, LLC Group Health Benefit Plan** ("the Plan") is a single-employer employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3), subject to coverage under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a), and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted. Effective December 1, 2015, the Plan switched to a self-insured group health plan and Star Marketing and Administration, Inc. (Starmark) became the Plan's third-party administrator and claims processor.

5. Defendant **SmartCore, LLC** ("Defendant Smartcore") was a business operating in Mecklenburg County, North Carolina. The business administratively dissolved on or around 2016. Defendant SmartCore was the employer as well as the Plan Sponsor, Plan Administrator and the named fiduciary to the Plan.

2

6. Defendants **STEVEN MATTHEW GOOD** (hereinafter "Defendant Good") and **WILLIAM H. WINN JR.** ("Defendant Winn") were the owners and principals of Defendant SmartCore. Defendants Good and Winn both had signatory authority on SmartCore's bank account used to pay vendors and are or were at all times relevant to this litigation responsible for deciding which vendors' bills would receive payment, including remittance of employee contributions to the claims administrator Starmark. Because Good and Winn had discretionary authority and control over the Plan and its assets, including authority to remit contributions to the claims administrator, Defendants Winn and Good are "fiduciaries" within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) and "parties in interest" within the meaning of § 3(14) of ERISA, 29 U.S.C. § 1002(14)(A) and (C).

7. Defendants SmartCore, Good, and Winn were required to pay $42,965.47 to Starmark on January 1, 2016 for claims funding and administrative fees, but failed to do so.

8. Defendants SmartCore, Good, and Winn withheld employee contributions from employees' salaries totaling at least $14,363.15, from January 3, 2016 through February 19, 2016. Defendants SmartCore, Good, and Winn

3

never remitted these contributions to Starmark, nor were these contributions placed into a trust. Rather Defendants kept these contributions in Defendant SmartCore's general account and used them to pay other vendors and payroll.

9. Because of Defendants' failure to pay claims funding and administrative fees, Starmark terminated the Plan's coverage on February 8, 2016, retroactive to January 1, 2016. The termination of the Plan led to the non-payment of at least $52,187.11 in eligible benefit claims for medical costs incurred by participants and/or beneficiaries of the Plan between January 3, 2016 and February 1, 2016.

10. Defendants failed to collect and remit employer contributions to the Plan. This failure coupled with Defendants' failure to remit employee contributions lead to the non-payment of medical claims that would have otherwise been funded.

11. Defendants failed to warn participants during the period from January to February 2016, that they were not paying premiums to Starmark and that the Plan was in danger of being cancelled; therefore, participants and beneficiaries reasonably believed that they continued to be covered during this period.

12. Defendants have failed to take action to pay the unpaid medical claims.

13. By the actions described in paragraphs 5 through 12, Defendants, as fiduciaries of the Plan:

    (a) failed to ensure that all assets of the Plan be held in trust by one or more trustees, in violation of ERISA § 403(a), 29 U.S.C. § 1103(a);

    (b) failed to ensure that the employee contributions, assets of the Plan, did not inure to the benefit of the Company, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

    (c) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

    (d) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the

conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

(e) caused the Plan to engage in transactions which they knew or should have known constituted the direct or indirect transfer of Plan assets to, or use of Plan assets by or for the benefit of a party in interest, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

(f) dealt with assets of the Plan in their own interests by using employee contributions to pay vendors and pay other employees, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

(g) acted in their individual capacity and as owner and/or officer of the Company in a transaction involving the Plan on behalf of a party whose interests are adverse to the interests of the Plan or the interests of the participants or beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

14. As a direct and proximate result of the breaches and violations set forth above, the Secretary is entitled to such equitable or remedial relief as the Court may deem appropriate, as provided under ERISA §§ 409, 502(a)(2) and (a)(5), 29 U.S.C. §§ 1109, 1132(a)(2) and (a)(5).

WHEREFORE, pursuant to § 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

A. Order Defendants to restore to the Plan participants any losses resulting from fiduciary breaches committed by them or for which they are liable including, but not limited to:

   a. disgorgement of the unremitted employee contributions, for those participants without unpaid medical claims and for those whose contributions were in excess of their medical claims; and

   b. payment of all Plan participants' and beneficiaries' unpaid medical claims incurred between January 2016 and the dissolution of the Plan, for those whose medical claims are in excess of their employee contributions;

B. Order Defendants to undo the prohibited transactions in which they engaged or in which they caused the Plan to engage;

C. Permanently enjoin Defendants Good and Winn from serving as fiduciary, administrator, officer, trustee, custodian, agent, employee, representative, or having control over the assets of any employee benefit plan subject to ERISA;

D. Enjoin Defendants Good and Winn from engaging in any further conduct in violation of Title I of ERISA;

E. Award Plaintiff the costs of this action; and

F. Provide such other relief as may be just and equitable.

This 7th day of March 2019.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303

Telephone:
(404) 302-5435
(404) 302-5438 (FAX)

KATE S. O'SCANNLAIN
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT M. LEWIS, JR.
Counsel

By: /s/ Shelly Anand
SHELLY C. ANAND
Trial Attorney

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff

SOL Case No. 18-00692